IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES SCOTT KAZANJIAN,  :
:
    Petitioner  :
:   CIVIL NO. 1:10-CV-0203
:
v.  :   Hon. John E. Jones III
:
:
WARDEN WILLIAM SCISM,  :
:
    Respondent  :

## **MEMORANDUM**

February 8, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner James Scott Kazanjian ("Petitioner" or "Kazanjian"), a former federal inmate, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) Kazanjian challenged the failure of the Federal Bureau of Prisons ("BOP") to find him eligible for the maximum twelve (12) month placement in a residential re-entry center ("RRC") authorized by the Second Chance Act of 2007.

This matter has been fully briefed by the parties, (*see* Docs. 2, 9, 10, 14, 15), and is ripe for resolution. In preparing to dispose of the Petition, the Court utilized the

BOP Inmate Locator Service to ascertain the present status of Kazanjian's custody.[1] A search of Kazanjian through that Service revealed that he was released from BOP custody on November 18, 2010. Accordingly, for the reasons that follow, the Petition will be dismissed as moot.

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,*

---

[1] *See* BOP Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp.

414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

In the instant case, the sole contention by Kazanjian in his Petition was that the BOP had not afforded him proper consideration under the Second Chance Act for release to a RRC, and his request for relief was that this Court direct the BOP to reconsider the length of his placement, and also consider separately whether he should be awarded a twelve (12) month placement because of his participation in the BOP skills development program. (*See* Doc. 1; Doc. 2, Memorandum of Law, at 24.) Kazanjian has been released from BOP custody, and thus, his requests for relief regarding his RRC placement are now moot. Accordingly, the Petition must be dismissed for lack of case or controversy. An appropriate Order will enter.